IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

L.M. and S.M., Individually and as Parents and Next Friends of Ev.M. and El.M.,
    Plaintiffs,

And

Brownsburg Community School Corporation,
    Defendant.

Cause No. 1:23-cv-1514

COMPLAINT and DEMAND FOR TRIAL BY JURY

COME NOW, Plaintiffs L.M. and S.M. individually and as Next Friends of E.M. and E.M. do hereby bring this action against Defendant, Brownsburg Community School Corporation for discrimination against L.M., S.M., Ev.M., and El.M. on the basis of E.M.'s disability. Plaintiffs hereby request a trial by jury in this matter.

INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. §1983.

2. L.M., S.M., Ev.M., and El.M. all live in Hendricks County, Indiana. Brownsburg Community School Corporation is also located in Hendricks County, Indiana.

3. Brownsburg Community School Corporation discriminated against L.M., S.M., Ev.M., and El.M. on the basis of El.M.'s disability and as a result, they have suffered emotional, pecuniary, and actual damages.

JURISDICTION AND VENUE

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331 and §1367.

1

5. This Court, without regard to the amount in controversy, has jurisdiction of the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

6. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the actions took place in Hendricks County, Indiana. Additionally, the parties lived, resided, or were incorporated in Hendricks County, Indiana when all the relevant action took place.

## PARTIES

7. L.M. and S.M. are the parents of Ev.M. and El.M. (collectively "the Family") who are students at Brownsburg Community School Corporation ("Brownsburg").

8. Brownsburg is a school corporation in Hendricks County, Indiana located at 310 Stadium Drive, Brownsburg, IN 46112.

## FACTS APPLICABLE TO ALL COUNTS

9. Ev.M. and El.M. have attended Brownsburg Community School Corporation (hereinafter "Brownsburg") since elementary school.

10. Brownsburg is a public-school corporation that receives federal funding under the Elementary and Secondary Schools Emergency Relief Act, the IDEA, Title One, and School Nutrition Funds.

11. El.M. has a rare pulmonary disease that dramatically increases his risk of severe illnesses from certain infections, including COVID-19. As a result, El.M.'s entire family is considered high-risk.

12. In March 2020, Brownsburg transitioned to a remote education model in March 2020 as a result of the COVID-19 pandemic. They returned to in-person instruction in September

2021 with a policy of reporting positive COVID-19 cases to parents and followed the Centers for Disease Control's (CDC) guidelines regarding quarantine.

13. In February 2022, Brownsburg terminated its policy of reporting the number of positive cases to parents but continued to notify the Family of positive cases pursuant to a reasonable accommodation request by the Family.

14. In March 2022, Ev.M. and El.M. began transitioning back to in-person learning pursuant to El.M.'s December 2021 IEP. They attended school in person for up to two hours in the morning and by Zoom for the rest of the day.

15. In April 2022, the Family was notified by Brownsburg of a positive COVID-19 case in El.M.s classroom. As a result, the Family was able to react and plan accordingly.

16. In August 2022, Ev.M. and El.M. began the new school year. The Family was notified by Brownsburg of a positive COVID case in El.M.'s classroom. As a result, the Family was able to react and plan accordingly by keeping the boys home from school or implementing additional safety measures.

17. In September 2022, Brownsburg held an IEP meeting to evaluate and discuss El.M.'s needs for the school year. The Family and Brownsburg reached an impasse and the meeting was left unfinished for several weeks.

18. On or about September 6, 2022, the Family received unofficial notice of a positive COVID case in El.M.'s classroom. Brownsburg never notified the Family of this case.

19. The Family contacted Brownsburg who told L.M. and S.M that they would no longer be providing the Family with information about positive COVID cases at the school.

20. The Family did not feel safe sending El.M. and Ev.M. to school knowing that Brownsburg would no longer let them know of reports of positive COVID cases at the school.

21. Consequently, El.M. and Ev.M. were kept home for El.M.'s safety beginning on September 6, 2022.

22. Ev.M. and El.M. were not provided consistent instruction by Brownsburg from September 6, 2022 to present.

23. Until recently, Brownsburg repeatedly refused to notify the Family of positive COVID cases at Ev.M. and El.M.'s school despite reasonable requests to do so.

24. Brownsburg repeatedly harassed the Family by requiring redundant paperwork, permissions from El.M.'s medical team, and information about El.M.'s condition that they either already had or to which they had no right or need.

25. L.M. and S.M. continued to advocate for their sons' needs and specifically requested an accommodation under Section 504 of the Rehabilitation Act of 1973 that Brownsburg notify them of them of positive COVID cases for individuals in the boys' classes.

26. Brownsburg ignored this request.

27. The Family and Brownsburg had several meetings wherein they discussed this specific accommodation and in each meeting, Brownsburg was adamant that it would not notify the Family of positive COVID reports in the boys' classroom.

28. In October of 2022, Brownsburg attempted to use individual education program ("IEP") process to retaliate against the Family for asking for an accommodation under Section 504.

29. Specifically, Brownsburg held an IEP meeting, wherein they told the Family that unless the Family (1) agreed not to receive notifications regarding COVID cases and (2) sent both boys back to school full day, that both boys would be placed on homebound education and would not be able to attend school in person at all.

30. There is no dispute that homebound placement is neither child's least restrictive placement, especially given that one child is not eligible for special education services at all.

31. Further, Brownsburg threatened the Family that if they did not send the boys back to school in-person, that Brownsburg would report their absences to the Department of Child Services.

32. El.M. and the Family have been discriminated against by Brownsburg on the basis of El.M,'s disability Moreover, Brownsburg has retaliated against the Family for exercising their rights under Section 504.

33. Based on Brownsburg's failure to protect El.M. from discrimination, the Family felt unsafe sending both boys to school and had no choice but to keep both boys at home

34. El.M. and his family are entitled to damages for Brownsburg's discrimination and retaliation.

## COUNT I – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION

35. Plaintiffs hereby replead and incorporate by reference paragraphs 1-34.

36. El.M. is disabled. As a result of El.M.s disability, he and his family are considered high-risk for certain infectious diseases, including COVID-19. El.M. is a member of a protected class.

37. The Family has legal settlement within the Brownsburg boundaries and is entitled to send their children to school without fear of harassment or discrimination and without risking El.M.'s life.

38. Brownsburg violated the Fourteenth Amendment by not providing Plaintiffs access to the same benefits and services that are available to all other families and because they have failed to protect El.M. and Ev.M. from harassment and discrimination from which they would have protected non-disabled students.

39. Brownsburg violated the Fourteenth Amendment by failing to provide a safe environment for El.M. and Ev.M. to attend school.

40. The Plaintiffs have been emotionally and financially harmed by Defendant's actions.

### COUNT II – VIOLATION OF 42 U.S.C. §1983

41. Plaintiffs hereby incorporate and replead paragraphs 1-40.

42. Defendant is a state actor and used its power to willfully, wantonly, and recklessly discriminate against the Family on the basis of El.M.'s disability.

43. Brownsburg used its authority under state law to deprive them of equal protections under applicable federal laws.

44. Brownsburg conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

45. Brownsburg's actions were a gross misjudgment and made in bad faith.

46. Brownsburg has a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other students or punishing them more frequently for similar behaviors.

47. Brownsburg's relevant policies and practices have had a disparate and disproportionate impact on disabled students.

48. Plaintiffs have been emotionally and financially harmed by Defendant's actions.

## COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

49. Plaintiffs hereby incorporate and replead paragraphs 1-48.

50. Brownsburg discriminated against the Family on the basis of El.M,'s disability.

51. Brownsburg is a state actor and receives federal funds for El.M.'s benefit, including but not limited to funds under the Elementary and Secondary Schools Emergency Relief Funds, Title One, School Nutrition Funds, and funds under the IDEA.

52. Brownsburg's actions and inactions created an environment that was severe and pervasive enough to deprive El.M. and Ev. M. of access to educational benefits.

53. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV – VIOLATION OF SECTION 504

54. Plaintiffs hereby and incorporate by reference and replead all allegations set forth in paragraphs 1-53.

55. Plaintiffs were harmed as a result of Defendant's actions and seek to be made whole financially.

56. Plaintiffs seek financial damages in an amount to be determined at trial.

57. Plaintiffs seek training for Brownsburg regarding disability inclusion.

58. Plaintiffs are entitled to all damages, including by not limited to compensatory and punitive damages.

59. Plaintiffs' attorneys' fees should be reimbursed.

## COUNT V – RETALIATION

60. Plaintiffs hereby incorporate and replead all allegations in paragraphs 1-59.

61. Defendants retaliated against the Family for exercising their rights under the ADA, Section 504, the IDEA, and the Fourteenth Amendment.

62. Brownsburg retaliated against the Family by failing to protect El.M. and Ev.M. and by failing to provide reasonable accommodations.

63. As a result of Defendant's retaliation, Plaintiffs have suffered emotionally and financially.

## PRAYER FOR RELIEF

64. Plaintiffs hereby incorporate by reference and re-plead all allegations set forth in paragraphs 1-63.

65. Plaintiffs were harmed as a result of Defendant's actions and seek to be made whole financially.

66. Plaintiffs seek financial damages in an amount to be determined at trial.

67. Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

68. Plaintiffs are entitled a trial by jury of all of their claims.

69. Plaintiffs' attorneys' fees should be reimbursed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

Respectfully submitted,

CURLIN & CLAY LAW ASS'N. OF ATTYS.,

*/s/ Alexandra M. Curlin*  (Atty. No. 24841-49)
8510 Evergreen Avenue, Ste. 200
Indianapolis, IN  46240

> Telephone: (317) 202-0301
> Facsimile: (317) 536-3663
> Email: amcurlin@curlinclaylaw.com
> *Attorney for Plaintiffs*