UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L. M. Individually and as Parents and Next Friends of Ev. M. and El. M,  )<br>S. M. Individually and as Parents and Next Friends )<br>of Ev. M. and El. M, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BROWNSBURG COMMUNITY SCHOOL )<br>CORPORATION, )<br>)<br>Defendant. ) | No. 1:23-cv-01514-SEB-MG |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed Under a Pseudonym. [Filing No. 3.] Defendants have not responded to this motion to express their position on the matter, and the time for doing so has passed. *See* S.D. Ind. L.R. 10-1(d). Therefore, the motion is now ripe for the Court's consideration.

**I.**
**DISCUSSION**

Plaintiffs L.M. and S.M. bring this action on behalf of themselves and their minor children, Ev.M. and El.M., asserting various claims against Brownsburg Community School Corporation. [*See* Filing No. 1.] In the Complaint, Plaintiffs allege that Ev.M. and El.M. are minor children, El.M. has been diagnosed with a pulmonary disease and alleges that he is especially susceptible to COVID-19. [Filing No. 1 at 1.] Plaintiffs claim that they requested an accommodation to be informed of COVID-19 cases within the Defendant's school to determine if the children could attend school, and whether they should be quarantined and for how long. [Filing No. 1 at 1.] However, they argue these accommodations have been refused by Defendant school corporation.

1

[Filing No. 1 at 1.] Plaintiffs allege that Defendant discriminated against them based on El.M.'s disability and retaliated against them because of the family's advocacy. [Filing No. 1 at 1-2.]

## II.
## LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all the parties to the suit. Although there is a strong presumption in favor of open proceedings in which all parties are identified, federal courts also have discretion to allow a plaintiff to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that a plaintiffs' identity will be public information can be rebutted, however, by showing that the harm to the plaintiff of proceeding publicly exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997). That is so because "judicial proceedings, civil as well as criminal, are to be conducted in public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* There are narrow exceptions to the presumption of public proceedings that permit the use of fictitious names, such as "to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.* This Court has previously used a six-factor test to evaluate whether a plaintiff's interest in proceeding anonymously outweighs the strong public interest in open courts. The factors include:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's

intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Members of Indiana State Bd. of L. Examiners*, 2009 WL 2448468, at *1 (S.D. Ind. Aug. 8, 2009) (quoting *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)), *objections overruled,* 2010 WL 106580 (S.D. Ind. Jan. 4, 2010) (internal citation and quotation marks omitted).

## III.
### DISCUSSION

First, the Court observes the Court's Local Rules which require a litigant seeking to proceed under a pseudonym to "at the time of filing of his or her initial pleading, … file a Notice of intention to seek leave to proceed under pseudonym and disclose the litigant's true name" with the notice being maintained under seal. S.D. Ind. L.R. 10-1(a). The plaintiff is also required to file, "[c]ontemporaneously with the Notice, … a motion to proceed under pseudonym, setting forth the justification under applicable law." S.D. Ind. L.R. 10-1(b). Plaintiff filed a complaint on July 1, 2023 under their initials only, and contemporaneously filed the required sealed notice. [Filing No. 3; Filing No. 4.]

### A.   Plaintiffs Ev.M. and El.M.

Plaintiffs' Motion asks to proceed semi-anonymously, using their minor children's initials, "Ev.M." and "El.M." [Filing No. 3.] Plaintiffs argue that proceeding under only initials is appropriate here because this action will delve into El.M.'s educational records as well as his disability and medical treatments. [Filing No. 3 at 3.] Plaintiffs allege that further retaliation could continue if the new school knows of the current action. [Filing No. 3 at 3.] Plaintiffs say Defendants

will not suffer prejudice if the Court permits Plaintiffs to proceed under initials. [Filing No. 3 at 3.]

The first factor weighs in favor of anonymity, as Plaintiffs are challenging government activity. Defendant Brownsburg Community School Corporation is an Indiana public school corporation that receives federal funding, a prototypical government defendant. *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 341-42 (N.D. Ind. May 31, 2017).; *Doe v. City of Indianapolis*, 2012 WL 639537, at *1.

The second factor asks whether the lawsuit involves disclosure of "information of the utmost intimacy." This is a case about Defendant's alleged discrimination and retaliation based on El.M.'s disability. Plaintiffs argue that anonymity is warranted because of the sensitive nature of these claims, and they will be compelled to disclose details of El.M.'s disability and medical treatments, as well as educational records. [Filing No. 3 at 3.] To the extent El.M.'s educational records, medical treatments or other sensitive information becomes relevant, the Court can address such information via a proper motion under S.D. Ind. L.R. 5-11 or a protective order. *See Noe v. Carlos*, 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008) ("Though Noe's name would be listed on the court's docket, her medical records containing private information can be filed under seal, and disclosure of that information will not be required."). Therefore, that the case involves medical information does not automatically necessitate disclosure of "information of the utmost intimacy." The Seventh Circuit has also made clear that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name." *Blue Cross & Blue Shield United*, 112 F.3d at 872. The second factor weighs against Plaintiffs' Motion.

The third factor of illegal activity by Plaintiffs is not at issue in this case.

The fourth factor is whether Plaintiffs would risk suffering injury if identified. To proceed anonymously, a plaintiff must assert legitimate circumstances under which making his name public could cause him to suffer mental or physical injury due to the personal and sensitive nature of his allegations. *Doe v. Marvel*, No. 1:10-CV-1316-JMS-DML, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010). Plaintiffs argue that publishing their names will likely lead to retaliation if their new school knows of the current action. [Filing No. 3 at 3.] It is true that "[t]he danger of retaliation is often a compelling ground for allowing a party to litigate anonymously." *City of Chicago*, 360 F.3d 667 at 669. However, "[a] mere potential for retaliation, without more, is not enough to justify an extraordinary departure from public norms." *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *3. "To demonstrate retaliatory harm, plaintiffs must generally provide 'evidence that psychological damage or violent threats are anticipated if a party's identify is disclosed.'" *Cook County*, 542 F.Supp.3d at 785 (quoting *J.W. v. D.C.*, 318 F.R.D. 196, 200 (D.D.C. 2016)). There is no such evidence here. Further, attention brought to oneself by virtue of filing the lawsuit is not a legitimate harm in and of itself. *See Noe*, 2008 WL 5070463, at *3. As such, this factor weighs against anonymity.

Turning to the fifth factor—prejudice to the defendant—Plaintiffs conclusively state that there is no risk of prejudice to Defendants, [Filing No. 3 at 3], and Defendants have not opposed Plaintiffs' Motion. The Court finds this factor weighs in favor of Plaintiff Ev.M. and El.M.

The sixth and final factor—open access to proceedings without denying litigants access to the justice system—weighs in favor of Plaintiffs' Motion. Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an "exception" for children. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669; *see also A.B. ex rel. V.S. v. Meyer*, No. 1:15-CV-157-JD-SLC, 2015 WL 4545872,

5

at *2 (N.D. Ind. July 28, 2015) (recognizing that an important factor in favor of anonymity is whether the Plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age.) The actual identities of Plaintiffs Ev.M. and El.M. are of minimal value to the public. *Doe v. Purdue Univ.*, 321 F.R.D. at 343. Allowing Plaintiffs Ev.M. and El.M. to remain anonymous will not interfere with the ability of the public to ascertain the status of this case.

Because the relevant factors, on balance, weigh in favor of Plaintiffs, the Court concludes that minor Plaintiffs Ev.M. and El.M. should be permitted to proceed anonymously in this case.

### B. Plaintiffs L.M. and S.M.

The decision to permit Plaintiffs Ev.M and El.M to proceed anonymously does not necessarily mean that Plaintiffs L.M. and S.M. should also be permitted to proceed anonymously. The Seventh Circuit has emphasized that the involvement of children and their parents in a lawsuit is a significant factor in favor of anonymity, particularly because of the inflammatory subject matter of the case and the risk of harm to plaintiff's children if their identities are made known by revealing their parents' names. *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012). Given that Plaintiffs have asserted legitimate circumstances under which minor Plaintiffs Ev.M. and El.M. should be permitted to proceed anonymously in this case, the Court concludes that the risk of harm to minor Plaintiffs Ev.M. and El.M. if their parents, Plaintiffs L.M. and S.M. are identified by name, outweighs the public's interest in judicial openness, and thus does overcomes the presumption against anonymous litigation.

## IV.
### CONCLUSION

Plaintiff's Motion to Proceed Under a Pseudonym [3] is **GRANTED**. The Court **ORDERS** as follows:

1. Plaintiff may proceed in this case under the semi-anonymous names of Ev.M., El.M., L.M. and S.M.

2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted to refer to Plaintiffs by their initials only.

3. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, or any other recipients of the actual names shall not further disclose Plaintiffs' names to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

4. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, and all other recipients of the true names shall use the names for purposes of this litigation and for legitimate purposes related to Defendants' operations. They shall not use the actual names or identities of the Plaintiffs for any other purpose.

5. The provisions of this Order shall survive the termination of the litigation.

Date: 9/12/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**